UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HASSAN SABIR,
    *Plaintiff*,

v.

HUNTER'S AMBULANCE SERVICES,
    *Defendant*.

No. 3:16-cv-01508 (JAM)

**ORDER DISMISSING COMPLAINT FOR LACK OF FEDERAL JURISDICTION**

Plaintiff Hassan Sabir has filed this action for damages against defendant Hunter's Ambulance Services. Because I conclude that there is no federal jurisdiction over plaintiff's claim, I will dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3) without prejudice to plaintiff's right to seek relief in a Connecticut state court.

### BACKGROUND

Plaintiff has filed a *pro se* complaint on a standardized civil complaint form entitled "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." Doc. #1. His complaint lists plaintiff's street address in Middletown, Connecticut. The complaint also identifies defendant Hunter's Ambulance Services with a street address in Middletown, Connecticut. Plaintiff alleges that the following occurred on September 6, 2014: "A ambulance was called to the police dept to come & take me to the Hospital. [W]hen they came without any exam[i]nation of [my] condition they just left me there to suffer." Doc. #1 at 4. According to plaintiff, "[t]his company Hunter's Ambulance is in the business to help people who are in need of medical care," but "they [f]ailed to do so." *Ibid.* Plaintiff seeks $240,000 in damages. *Ibid.*

1

## DISCUSSION

Federal courts are courts of limited subject-matter jurisdiction, and the Federal Rules of Civil Procedure provide in part that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h). Here, plaintiff has filed a form complaint alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts have diversity jurisdiction over state law claims if the parties are citizens of different states and if the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

It is evident from the complaint that there is no diversity jurisdiction, because both plaintiff and defendant are citizens of the same state of Connecticut.[1] Plaintiff lists his home address to be in Connecticut, and he lists defendant's address also to be in Connecticut. Moreover, according to the Court's search of the on-line database of the Connecticut Secretary of State, defendant is incorporated in Connecticut.

Accordingly, there is no diversity jurisdiction over this case. Nor is there any other apparent basis for federal jurisdiction. Although plaintiff alleges in passing that there was a "Civil Rights Violation," Doc. #1 at 4, there is no indication that defendant—a private ambulance company—was a governmental actor as would be necessary to sustain plaintiff's claim for a federal civil rights violation. *See, e.g.*, *Betts v. Shearman*, 751 F.3d 78, 84–85 (2d Cir. 2014).

---

[1] The complaint form advised plaintiff that "federal courts are courts of limited jurisdiction" and that, for a court to exercise diversity jurisdiction, "no defendant may be a citizen of the same State as any plaintiff." Doc. #1 at 3. Despite the complaint form's admonition that plaintiff should "[e]xplain how these jurisdiction requirements have been met," *ibid.*, plaintiff has not done so.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3). This order of dismissal is without prejudice to plaintiff's right to seek relief in the state courts of Connecticut. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 6th day of January, 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge